Nash, C. J.
 

 Several questions, as to the competency of the evidence offered by the lessors of the plaintiff, were raised on the trial below, one only of which we deem it necessary at this time, to notice, as it disposes of tire case for the present. The lessors of the plaintiff made title through the last will and testament of William Thornton, deceased, who, at the time of making the same, and to his death, was a citizen of the District of Columbia, where the will was made. A copy of the will was offered in evidence and objected to by the defendant, and the objection sustained by the Court. The objection is, that the copy is not so certified as, under the laws of this State, to render it competent evidence. It is not pretended that the will is certified under the Act of Congress, 1790; and our entire attention is drawn to the operation of our own Statutes upon the question. The Revised Statutes embrace all the Acts of the General Assembly up to that time. The 4th sec. of the 122d ch., which is the 15th sec. of the Act of ’77, ch. 115, vests in the Court of Pleas &- Quarter Sessions the jurisdiction over the probate of wills, and the 8th section directs that all original wills shall remain in the clerk’s office among the records of the respective counties for their safety, and for the free inspection of all who may desire it. The 7th section of the 122d ch. directs in what manner a will, made without the State, disposing of lands, or other property of a personal character within it,
 
 may
 
 be proved. Upon suggestion, the Court may order a commission or commissions to issue to such person or persons as it may select, to take the deposition of the witnesses, &c.; upon which the Court may proceed to adjudge the said will, &c. This section is obviously intended to apply to wills made by-citizens o.f this State, while absent from it, in which case it might be inconvenient, if not impracticable, to procure the personal attendance of the witnesses, and relates to the probate of the original will in this State, but makes no provision when it cannot be obtained to be brought here.
 

 
 *186
 
 The Act of 1844; ch. 88, supplies this defect. It might, and often would prove impracticable to procure the original will for probate here, and that provides for the recording of a copy. It directs that when such a will shall have been, or shall be proved and allowed in some other State or country, and the original cannot be removed from its place of legal deposit into this State for probate, a duly certified copy or exemplification may, under the direction of the proper County Court, be allowed and recorded. Still another case remained to be provided for; — -where a person, not a citizen of this State, makes a will, when beyond it, disposing of property within it. By the 6th section of the Act of 1844, provision is made. It provides — “ When any will, made by
 
 &
 
 “ citizen of any other State or country, shall have been, or shall “ be, duly proved or allowed in such State or country, according “ to the laws thereof, a copy or exemplification of such will, duly “ certified and authenticated, when produced-and exhibited before “ the Court of Pleas and Quarter Sessions of any County of the “ State, where may be any property of the deceased, shall be by “such Court allowed, filed and recorded, &c.; and the like effect “ be given to said will, as if the original, instead of the said copy, “had been produced and allowed in said Court.” By this section the mode is pointed out, whereby the evidence of such a will must be perpetuated when disposing of property within this State. The copy of the will, when proved, must be produced to the proper Court of Pleas and Quarter Sessions, and it must, upon the proper authentication, be allowed, filed and recorded. The County Court, be&re whom the copy is exhibited, is the sole judge of its due authentication, and when they allow it it is their judgment that it is authenticated according to law, and if not appealed from, that judgment is final and conclusive upon all other tribunals, until properly reversed; and when so filed, the copy stands in the place of the original for the inspection of all persons ; and when recorded, like all other wills, copies from them may be given in evidence — for such would be the effect, if the original had been produced and allowed. The provisions of this Statute have not, in this case, been attended to. The copy of the will of Mi’. Thornton has not been exhibited and allowed by any County Court having jurisdiction thereof in this State; nor has it been
 
 *187
 
 allowed, filed or recorded as die Act directs; but we are called on to allow it on evidence upon the certificates annexed. We are not the probate Court, nor is the Superior Court of Anson, where the cause was tiled. So far as die laws of Maryland may be concerned, the certificates may be all properly made. It is sufficient to say that our law has pointed out in what mode the copy of such a will must be made, f.o make it evidence here. The judgment is affirmed.
 

 PER CuRIam. Judgment affirmed.